IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

SHANIKA CHRISTIAN,

      Plaintiff,

v.                                       Case No. 2:06-cv-00543

STATE OF WEST VIRGINIA
DEPARTMENT OF HEALTH AND
HUMAN RESOURCES,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On July 7, 2006, Plaintiff filed an Application to Proceed Without Prepayment of Fees (docket sheet document # 1) and a Civil Complaint (# 2). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a proceeding where the Plaintiff seeks to proceed in forma pauperis, the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Section 1915(e)(2) requires judges to dismiss frivolous claims based on indisputably meritless legal theory or claims whose

factual contentions are clearly baseless, fanciful, fantastic or delusional.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).  In reviewing factual allegations, a court need not accept irrational or wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them.  Id. at 303-33.

A Complaint fails to state a claim upon which relief can be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  Veney v. Wyche, 293 F.3d 726 (4th Cir. 2002)(section 1983 complaint dismissed under 28 U.S.C. § 1915 for failure to state a claim upon which relief could be granted).  However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  This screening is generally done prior to consideration of the Application to Proceed Without Prepayment of Fees.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.  Because it is "beyond doubt" that Plaintiff's Complaint fails to allege facts entitling her to relief, she should not be given an opportunity to offer evidence in

2

support of her claims.  See, <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).

## ANALYSIS

Plaintiff's Complaint states in pertinent part:

> I have been institutionalized from the age [of] 6 to the age of 18 and was provided with everything that is needed for basic shelter: food, clothes, shelter, safe structure environment with great teacher and counselors and doctors.  I was forced to take drugs, which allowed my guardians to believe I was mentally ill.
>
> * * *
>
> I have been in and out of school for GED classes for the last four years.  I have my driver's license; I have two sections of encyclopedias that I enjoy reading from time to time.  I have supplemental security income from the government.  I have tried to see if I could receive any more help since I am struggling to pay my rent and my utilities.
>
> * * *
>
> I currently receive $600.00 per month.  I would like for my rights to be protected and receive another $500.00 per month.  I have set goals for myself.  I want to finish school and I want to become a psychiatrist so that I can help others that are in a similar situation.  The only way I can reach these goals is with additional help.  I feel that I have been abandoned by the State of WV because I am capable of knowing how the system works and that the family I once had has since turned me away due to my age.
>
> I [am] sueing [sic; suing] for pain and suffering for 12 straight years and help for future as in school, bills, and please living expenses as well.

(# 2 at 1-2).

Based upon what the undersigned can garner from the Complaint and its attachments, Plaintiff was born on February 29, 1980.

3

Plaintiff was placed in the custody of the State of West Virginia's Department of Health and Human Resources (WVDHHR) following abuse and neglect proceedings in 1988. Plaintiff remained in the custody of the WVDHHR until she turned 18 in 1998. Plaintiff is now 26 years old.

Pursuant to West Virginia Code § 49-2-2, "[a] child committed to the state department for custody shall remain in the care of the department until he [or she] attains the age of eighteen years, or until he [or she] is discharged because he [or she] is no longer in need of care." W. Va. Code § 49-2-2. Accordingly, the WVDHHR had no legal responsibility for Plaintiff's custody or care after February 1998.

Plaintiff has not raised any claim over which this federal court has jurisdiction. She has not alleged any violation of her federal constitutional rights, and any such allegation arising out of her time in the custody of the WVDHHR would now be untimely. Accordingly, Plaintiff's present complaint fails to state a claim upon which relief can be granted. To the extent that Plaintiff could obtain any increase in her Supplemental Security Income, she must seek such relief through the administrative process available through the Social Security Administration.

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Accordingly, it is respectfully **RECOMMENDED**

that Plaintiff's Complaint (# 2) be **DISMISSED** pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), and that her Application to Proceed Without Prepayment of Fees (# 1) be **DENIED AS MOOT**.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(a), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

| | |
|---|---|
|   July 11, 2006   <br> Date | *Mary E. Stanley* <br> Mary E. Stanley <br> United States Magistrate Judge |